```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
―――――――――――――――――――――――――――――

**HENRY ALEXANDER BERRIOS,**

      **Petitioner,**

  - against -

**WARDEN PLILER,**

      **Respondent.**

**22-cv-5426 (JGK)**

<u>**MEMORANDUM OPINION &**</u>
<u>**ORDER**</u>

―――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

  The petitioner, Henry Alexander Berrios, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner seeks credit toward a 243-month federal sentence of imprisonment for the approximately four-and-a-half months the petitioner spent in federal custody pursuant to a writ of habeas corpus ad prosequendum while the petitioner was serving a separate state sentence. For the reasons explained below, the petition is **denied**.

              **I.**

  On April 13, 2006, the petitioner was arrested by the Spotsylvania County Sherriff's Department in Spotsylvania County, Virginia, in connection with a string of auto thefts and criminal gang activities. McEvoy Decl., ECF No. 11 ¶ 7. The petitioner was taken into state custody and charged with the state law crimes of Grand Larceny, Defacing/Destroying a Vehicle, Vehicle Tampering, Participating in Criminal Street

Gang Activity, and Prohibited Criminal Street Gang Participation. Id. ¶¶ 7-8. The petitioner was convicted of Grand Larceny, Defacing/Destroying a Vehicle, and Prohibited Criminal Street Gang Participation, and, on September 11, 2006, was sentenced to three years' imprisonment (with two years and six months suspended) and ten years' General Good Behavior for Grand Larceny; five years' imprisonment (with four years suspended) for Prohibited Criminal Street Gang Participation; and six months' imprisonment (with six months suspended) for Defacing/Destroying a Vehicle. Id. ¶¶ 9-10.

On August 9, 2007, while the petitioner was in state custody serving his sentence, he was charged in a federal indictment with several federal racketeering offenses. See United States v. Hernandez-Perez, No. 07-cr-81 (E.D. Va.), ECF No. 49; McEvoy Decl. ¶ 11. A federal arrest warrant for the petitioner was issued the same day. See Hernandez-Perez, No. 07-cr-81.

On August 14, 2007, while still in state custody, the petitioner was taken into the custody of the United States Marshals Service ("USMS") pursuant to a writ of habeas corpus ad prosequendum to answer the federal charges. McEvoy Decl. ¶ 11. On December 19, 2007, following a jury trial, the petitioner was convicted of all federal charges. McEvoy Decl. ¶ 12; Hernandez-Perez, No. 07-cr-81, ECF No. 162.

2

On December 26, 2007, the petitioner completed his Virginia State sentence and was released from state custody to the sole custody of the USMS. McEvoy Decl. ¶ 13.

On February 29, 2008, the United States District Court for the Eastern District of Virginia sentenced the petitioner principally to an aggregate term on the federal charges of 243 months' imprisonment and three years of supervised release. McEvoy Decl. ¶ 14; Hernandez-Perez, No. 07-cr-81, ECF Nos. 171, 172. The petitioner is currently serving the federal sentence at FCI Otisville. Pet., ECF No. 1, at 1.

The Bureau of Prisons ("BOP") has credited the petitioner with 64 days (December 27, 2007 to February 28, 2008) towards the completion of his federal sentence for the period of time the petitioner was in sole USMS custody between the end of his state sentence and the imposition of his federal sentence. McEvoy Decl. ¶¶ 17-18; Sentence Monitoring Computation Data, ECF No. 11-4, at 2. The BOP has not credited the petitioner with the time period from August 14, 2007, through December 26, 2007, because, although he was released to federal authorities pursuant to a writ, he remained in state custody during that time period and this time period was credited to his state sentence. McEvoy Decl. ¶ 18; Sentence Monitoring Computation Data at 2-3. The BOP also did not give the petitioner credit for the period from August 3, 2007 through August 14, 2007, when the

petitioner was exclusively in state custody serving his state criminal sentence. McEvoy Decl. ¶ 18; Sentencing Monitoring Computation Data at 2-3. The BOP projects that the petitioner will be released on November 13, 2025. McEvoy Decl. ¶ 17; Sentence Monitoring Computation Data at 3.

On June 27, 2022, after exhausting his administrative remedies, the petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The petitioner seeks credit towards his federal sentence for the time he spent in custody from August 3, 2007 to December 26, 2007.

## II.

The petitioner argues that because he was taken into federal custody during his state sentence and was never returned to state custody, the period of time he spent in federal custody before the completion of the state sentence should be credited to his federal sentence. However, the BOP correctly excluded this time from the calculation of the petitioner's sentence.

It is the responsibility of the BOP, rather than the courts, to determine the commencement of a federal sentence and calculate any credit toward that sentence for time already served. Tisdale v. Menifee, 166 F. Supp. 2d 789, 791 (S.D.N.Y. 2001) (citing United States v. Montez-Gaviria, 163 F.3d 697,

700-01 (2d Cir. 1998)); see also Cintron v. Warden, F.C.I. Otisville, 52 F. Supp. 3d 654, 655 (S.D.N.Y. 2014).[1]

The earliest date a federal sentence may begin is the date it is imposed. United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998). The sentence begins when the defendant arrives at the official detention facility where the sentence is to be served or when the defendant is taken into custody awaiting transportation to the official detention facility. 18 U.S.C. § 3585(a); Labeille-Soto, 163 F.3d at 98. In this case, the petitioner's federal sentence was imposed on February 29, 2008. McEvoy Decl. ¶ 14; Hernandez-Perez, No. 07-cr-81, ECF Nos. 171, 172.

When the BOP calculates any credit toward a federal sentence from time served before the sentence was imposed, 18 U.S.C. § 3585(b) requires that the defendant "receive credit only for detention time 'that has not been credited against another sentence.'" United States v. Wilson, 503 U.S. 329, 333 (1992) (quoting 18 U.S.C. § 3585(b)). Therefore, under § 3585(b), the BOP cannot grant the petitioner credit toward the federal sentence for the same period of time in custody that has been credited toward a state sentence. Id. at 337 ("Congress made clear that a defendant could not receive a double credit

---

[1] Unless otherwise noted, this Memorandum Opinion & Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

5

for his detention time."); see also Cintron, 52 F. Supp. 3d at 656.

In this case, because the period of time from August 14, 2007, to December 26, 2007, was credited toward the petitioner's Virginia State sentence, the BOP was correct to refuse crediting this period of time to the petitioner's federal sentence. See Labeille-Soto, 163 F.3d at 99 ("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").

The petitioner's assertion that he was in federal custody before December 26, 2007, is incorrect. The State of Virginia had primary custody over the petitioner from the date the petitioner's state sentence began (September 11, 2006) through the date the sentence was completed (December 26, 2007). A defendant who is brought into federal custody through a writ of habeas corpus ad prosequendum while serving a state sentence remains in the primary custody of the state. United States v. Fermin, 252 F.3d 102, 108 n.10 (2d Cir. 2001) ("[A] defendant held at a federal detention facility is not 'in custody' for the purposes of § 3585(a) when he is produced through a writ of habeas corpus ad prosequendum."); see also Crosson v. Recktendald, No. 14-cv-1865, 2015 WL 694831, at *3 (S.D.N.Y. Feb. 18, 2015) ("[W]hile a prisoner may be transferred by mistake into federal custody or 'loaned' to federal custody

6

pursuant to a writ of habeas corpus ad prosequendum, the state sentence remains operative."). Thus, the petitioner is not entitled to federal sentencing credit from August 3, 2007, to December 26, 2007, and the BOP correctly declined to credit this period when calculating his sentence.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is **denied.** The Clerk is directed to close all pending motions and to close this case.

The Court declines to issue a certificate of appealability because the petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c).

**SO ORDERED.**

Dated: New York, New York
July ⌐, 2023

_____
John G. Koeltl
United States District Judge